IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN ROBERTSON, the Acting Commissioner of the Department of Insurance of the State of Indiana, in his role as REHABILITATOR of Standard Life Insurance Company of Indiana and on behalf of its policyholders,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN FRANCO, WARREN FOSS, SETH HENDON, CARLOS SALAS, DOUGLAS DETHY, DAN GUNTHER, VANDERBILT CAPITAL ADVISORS, LLC, and VANDERBILT AVENUE ASSET MANAGEMENT, LLC,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 1:10-cv-1663-TWP-MJD |

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants John Franco and Dan Gunther ("Defendants"), by counsel, for themselves and themselves alone, pursuant to F.R.Civ.P. Rule 12(b)(6), submit the following memorandum in support of their motion to dismiss plaintiff's complaint on the ground that it fails to state a valid claim for relief against these defendants.

**A. Introduction**

This action was brought by the Acting Commissioner of the Indiana Department of Insurance in his role as rehabilitator of Standard Life Insurance Company of Indiana ("Standard Life"). The complaint alleges that Defendant John Franco served as Chairman and CEO of Capital Assurance Corporation ("CAC"), a privately owned holding company owning 100% of the issued and outstanding shares of Standard Life. Complaint, ¶¶11, 3. Franco was also

Chairman and CEO of Standard Life. Complaint, ¶11.[1] Defendant Dan Gunther is alleged to have been the Chief Marketing Officer of CAC and Standard Life. Complaint, ¶16. Standard Life was placed in court-ordered Rehabilitation on December 18, 2008 "as a result of its distressed investment portfolio and excessive holdings of subprime securities." Complaint, ¶44.

The complaint alleges that Franco and Gunther, in their capacity as officers, owed "a duty of care and a duty of loyalty to Standard Life, its policyholders, and shareholders of Standard Life." Complaint, ¶63. Franco and Gunther allegedly breached these duties by committing the following acts:

"a. encouraging Standard Life's agents to sell policies with values substantially above guaranty fund limits despite knowing that the Company was in an unstable financial condition;
b. offering crediting rates that the Company could no longer afford despite being advised that the Company could not honor these rates and knowing that the Company was in an unstable financial condition; and
c. with respect to Gunther, placing personal gain ahead of what was best for the Company and its policyholders."

Complaint, ¶65.[2]

The complaint fails to offer any explanation as to how the sales and offers described in ¶¶65(a) and 65(b) were contrary to the best interests of Standard Life. The complaint does not (and cannot) allege any link between the sale of policies with above-guaranty-fund limits and harm resulting to Standard Life. The complaint contains no factual

---

[1] The Complaint does not specifically allege that Franco was a director of CAC or Standard Life and it is uncertain whether Franco is intended to be a defendant in Count I of the Complaint, alleging "Breach of Fiduciary Duties Against the Board." To the extent Franco is intended to be a defendant in this claim, then Franco joins in the motion to dismiss this claim filed on behalf of Director Defendants Foss, Hendon, Salas, and Dethy.

[2] The Complaint also alleges a separate cause of action against Gunther for unjust enrichment based on an allegation that Gunther earned commissions from the sale of later-refunded policies. Complaint, ¶¶92-99. Contrary to this allegation, the evidence will clearly show that Gunther's compensation arrangement did not include payment of commissions on the sale of Standard Life products and that he received no such commissions. If this claim is not withdrawn and voluntarily dismissed, it will be the subject of a separate appropriate motion.

allegations linking the alleged offering of above-market crediting rates and harm to Standard Life.

The only factual allegation offered in support of the claim in ¶65(c) is that the "selling spree generated substantial commission income for Gunther just prior to the Company being placed into Rehabilitation."[3]  Complaint, ¶43.  The complaint does not allege that this harmed Standard Life or breached any duty on the part of Gunther, nor does it allege that Gunther knew in advance that Standard Life would be placed in rehabilitation and that the Rehabilitator might, months or years later, choose to refund a large portion of the premiums.

The alleged actions of Franco and Gunther, even if true, bear no relation to the cause of Standard Life's financial distress:  the decline in value (on paper) of Standard Life's investment portfolio resulting from the crash of the U.S. housing market.  *See*  Complaint, ¶¶30, 44.  Given the complaint's failure to connect the allegations against Franco and Gunther to any damage to Standard Life, F.R.Civ.P. Rule 12(b)(6) mandates its dismissal.

**B. Legal Standard**

Two United States Supreme Court cases have made it clear that a plaintiff may no longer survive a motion to dismiss under F.R.Civ.P. Rule 12(b)(6) by relying on a complaint which simply recites conclusory allegations covering the elements of a cause of action.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009);  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Instead, to survive such a motion a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face and allegations that merely recite the elements

---

[3] Again, as noted in footnote 2, the facts will demonstrate that Gunther did not receive commissions on the sale of Standard Life products.  Thus, the fundamental premise of plaintiff's theory is flawed.

of a statute or cause of action are not entitled to a presumption of truth. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Allegations that the defendants engaged in behavior that "is just as consistent with lawful conduct as it is with wrongdoing" "are too vague to provide notice to defendants of the contours of [plaintiff's] . . . claim." *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009).

In the instant case, the claims asserted against these defendants fail to meet the required standards and should be dismissed.

**C. Argument**

Under Indiana law, officers are "agents" of a corporation and as such are treated no differently than non-officer corporate employees and agents. *First Merchants Nat. Bank & Trust Co. of Lafayette v. Murdock Realty Co.*, 39 N.E.App. 507 (Ind.App.1942); Official Comments to I.C. 23-1-36-2.[4] The Official Comments further noted that a corporation should have the option, in its articles of incorporation or bylaws "to establish a *higher* standard of care for particular officers than exists under either common law or the omitted RMA section." (Emphasis in original.) There is no allegation that Standard Life took any action to impose a higher-than-common-law fiduciary duty of care upon its officers.

When judged by a fiduciary-duty standard, the complaint is woefully inadequate in alleging any facts showing that the actions of Franco and Gunther rose to a breach of duty. Paragraphs 65(a) and (b) allege that Franco and Gunther violated their duties to Standard Life by

---

[4] Paragraphs 63 and 64 mirror the complaint's allegations as to the nature of the duties owed by the directors (¶¶58 and 59). To the extent the plaintiff is alleging that Franco and Gunther's duties were coterminous with the directors, then Franco and Gunther join in the motion to dismiss of the Director Defendants.

committing acts substantively identical to the acts alleged in Paragraphs 60(a) and (b), which plaintiff alleges to constitute breaches of the directors' common law and statutory duties. Complaint, ¶¶60-61, 65.

As shown in the Director Defendants' Brief in Support of Motion to Dismiss, the complaint fails to set forth sufficiently plausible, non-conclusory factual allegations to show that these challenged actions were contrary to the interests of Standard Life. Director Defendants' Brief, pages 17-22.

For the same reasons, the complaint also fails to adequately plead these claims against Franco and Gunther: it does not make any plausible showing that the sales of policies with values above state-guaranty limits (even if true) were contrary to the interests of Standard Life, and its allegation that Standard Life increased its crediting rates despite a contrary recommendation by the company's Pricing Committee (even if true) establishes nothing more than a good-faith disagreement, not any breach of fiduciary duty.

The Indiana Life and Health Insurance Guaranty Association provides policyholders with up to $100,000 per annuity in the event that the issuer becomes insolvent. Complaint, ¶38, n.4. This guarantee, however, is not relevant in determining if it is a good business decision for Standard Life to sell annuities which exceed $100,000. This irrelevance is further demonstrated by the complaint's failure to allege that Standard Life defaulted on any annuity or that any payment was made by the Indiana Guaranty Association. How these sales harmed Standard Life (or any other party for that matter) is entirely unaddressed by the complaint.

The complaint also fails to allege sufficient facts to show a plausible claim for relief based on the alleged "offering above-market crediting rates despite knowing that the Company could not honor these rates and knowing that the Company was in unstable financial condition."

Complaint, ¶65(b).  The only fact alleged in support of this conclusion is that "Gunther, with support of the Board, ordered an increase in crediting rates despite a recommendation by Standard Life's Pricing Committee that the Company maintain its current rates due to its financial condition."  Paragraph ¶41.  Even if true, the allegation that Gunther and the Board made a decision notwithstanding a "recommendation" by an internal company committee cannot rise to the level of a breach of fiduciary duty.  There are no allegations sufficient to create a plausible inference that Gunther and the Board's decision was in anything but good faith.  Furthermore, there is again no allegation that Standard Life failed to pay any rate, or an allegation of how the offering resulted in harm to Standard Life.

Paragraph 65(c) alleges that Gunther violated his duty to Standard Life by "placing personal gain ahead of what was best for the Company and its policyholders."  The factual allegations relating to this alleged breach are claims that a "selling spree generated substantial commission income for Gunther just prior to the Company being place into Rehabilitation" and "Gunther asked the Rehabilitator whether he would still receive the commission he 'earned' for the large sales made after the Order of Supervision, including those policies that were subsequently refunded."  Complaint, ¶¶ 43, 45.[5]  Neither of these allegations provides a basis for finding a breach of fiduciary duty.

First, although the complaint alleges that this supposed selling spree took place, there is no allegation or explanation as to how this resulted in damage to Standard Life, nor is there any explanation of how it is a breach of the fiduciary duty of a chief marketing officer to increase the sales of a company's products.  Similarly, there is no allegation or explanation of how asking

---

[5] As previously noted, Gunther received no commissions from the sale of Standard Life products.  Because even a cursory review of Standard Life's financial records would show this, the good-faith basis for the plaintiff's allegation to the contrary is a mystery.

whether he would still receive a commission, even it true, constituted a breach of fiduciary duty by Gunther, or resulted in harm to any person or entity.

The conclusory claims set forth in Paragraph 65 and the cursory "factual" allegations which relate to them are precisely what *Twombly* and *Iqbal* found to be defective. The actions alleged of Franco and Gunther are "just as consistent with lawful conduct as … with wrongdoing" and are thus "too vague to provide notice to defendants of the contours of [plaintiff's] . . . claim." *Brooks,* 578 F.3d at 581-82. The claim for breach of fiduciary duty against Franco and Gunther should therefore be dismissed.

### D. Conclusion

Because the allegations of the complaint fail to contain sufficient factual matter, entitled to be accepted as true, to state a claim to relief that is plausible on its face as to these defendants, they request that Count Two of the Complaint be dismissed.

FROST BROWN TODD LLC


By: */s/Thomas E. Satrom*
    Winston Miller
    Alan S. Brown
    Thomas E. Satrom
    Attorneys for Defendants John Franco and Dan Gunther

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of March, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| John T. Murphy<br>Ice Miller LLP<br>One American Square<br>Suite 3100<br>Indianapolis, IN  46282 | Richard T. Freije<br>Charles T. Richardson<br>BAKER & DANIELS<br>300 North Meridian Street, Suite 2700<br>Indianapolis, IN  46204 |
| Jeffrey Bailey<br>Dan Seitz<br>Bose McKinney & Evans LLP<br>111 Monument Circle, Suite 2700<br>Indianapolis, IN  46204 | Joe Williams<br>William Riley<br>PRICE WAICUKAUSKI & RILEY<br>301 Massachusetts Avenue<br>Indianapolis, IN  46204 |
| Nathaniel L. Lundquist<br>BINGHAM MCHALE LLP<br>2700 Market Tower<br>10 West Market Street<br>Indianapolis, IN  46204-4900 | |

                                              */s/ Thomas E. Satrom*
                                                Thomas E. Satrom

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
tsatrom@fbtlaw.com

1031005vvvv1