UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN W. ROBERTSON, the Commissioner of the Department of Insurance of the State of Indiana, in his role as REHABILITATOR of Standard Life Insurance Company of Indiana and on behalf of its policyholders<br><br>Plaintiff,<br><br>vs.<br><br>JOHN FRANCO, WARREN FOSS, SETH HENDON, CARLOS SALAS, DOUGLAS DETHY, DAN GUNTHER, VANDERBILT CAPITAL ADVISORS, LLC, and VANDERBILT AVENUE ASSET MANAGEMENT LLC<br><br>Defendants. | Cause No. 1:10-cv-01663-TWP-MJD |

## ENTRY ON MOTION TO REMAND

This matter is before the Court on Plaintiff Stephen Robertson's Motion to Remand. Plaintiff makes three separate arguments why this case should be remanded back to the Marion Circuit Court ("State Court"), some of which are stronger than others. Regardless, the Court finds one argument dispositive. That is, this case is not removable because, as evidenced by Ind. Code § 27-9-1-3, it is inextricably tied to a nonremovable delinquency proceeding that has been pending in State Court for over two years. Accordingly, Plaintiff's Motion to Remand (Dkt. 27) is **GRANTED**.

**A.     Background**

Plaintiff Stephen Robertson is the acting Commissioner of the Indiana Department of Insurance ("Plaintiff," "Commissioner," or "Rehabilitator"). The Standard Life Insurance

Company of Indiana ("Standard Life") is an insurance company organized under the laws of Indiana. On December 18, 2008, the State Court granted the Commissioner's Verified Petition for Rehabilitation, which appointed the Commissioner as the Rehabilitator of Standard Life and allowed him to take possession of Standard Life's assets. The purpose of these proceedings was to rehabilitate Standard Life, which was in dire straits financially and thus unable to meet its obligations to policyholders.

In his capacity as Rehabilitator, Plaintiff learned that Standard Life's precarious financial position was allegedly due to Defendants' reckless investment and sales strategies. Accordingly, pursuant to the powers vested in him by the Indiana Insurance Code, Plaintiff filed a complaint ("Complaint") against Defendants seeking recovery on behalf of Standard Life and its policyholders. Plaintiff's Complaint contends that Defendants breached contracts, breached fiduciary duties, and violated Indiana securities laws. On December 20, 2010, Defendants removed the Complaint – but not the underlying delinquency proceeding – to federal court.

**B.     Discussion**

The Court must now determine whether remand is warranted. Defendants base removal on 28 U.S.C. § 1441, which permits removal of "any civil action" over which federal diversity jurisdiction exists, as long as the defendants are not citizens of the forum state. 28 U.S.C. § 1441(a) and (b). Here, the underlying delinquency proceeding itself is not removable, given that there is no diversity between the Rehabilitator and Standard Life and the claims arise squarely under state law. In fact, Ind. Code § 27-9-1-3 speaks directly to the appropriate forum for delinquency proceedings, providing in relevant part:

> (a) A delinquency proceeding under this chapter may only be commenced by the commissioner. A court may not entertain, hear, or determine a proceeding commenced by any other person.
>
> . . .
>
> (d) If it appears to a receiver appointed in a proceeding under this article that <u>there has been criminal or tortious conduct, breach of any contractual or fiduciary obligation, or other unlawful conduct detrimental to the insurer by any director, officer, manager, insurance producer, broker, employee, or other person or entity, the receiver may pursue all appropriate legal remedies on behalf of the insurer</u>.
>
> . . .
>
> (f) <u>All action authorized by this section must be brought in the Marion County circuit court</u>.

(Emphasis added). According to Plaintiff, "[b]ecause the Complaint was brought as part of the delinquency proceeding, removal jurisdiction does not exist and remand is required . . .". (Dkt. 28 at 6). Defendants vigorously disagree, countering that the Complaint is, both procedurally and substantively, a separate and independent lawsuit that is eligible for removal as a stand-alone action. Procedurally, it has all the hallmarks of a new lawsuit – a complaint, summonses, appearances, and motions practice. Substantively, Defendants argue, this action covers different terrain than the delinquency proceeding because a claim for damages against third parties on behalf of an insurer in rehabilitation is distinct from the underlying rehabilitation proceeding itself.

The law is well-settled that "only *independent* lawsuits are removable," meaning that a "supplementary proceeding, a proceeding which is substantially a continuation of a prior suit, is not removable." *Fed. Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir. 1977) (citations omitted). "The question of whether or not a controversy is a separate suit for removal purposes is ultimately a federal question involving the interpretation and application of the removal statutes." *Id*. (citation omitted). Thus, this motion essentially turns on whether the

present action is "separate and independent." If it is, removal was appropriate. If, however, this case is merely part and parcel of the delinquency proceeding, remand is warranted. In this analysis, the Court should avoid elevating form over substance. *Id*. at 1019.

The Court finds that the Complaint in this action is merely a continuing and supplementary part of the underlying delinquency proceeding, thus warranting remand. On this point, *Florida Dept. of Ins. v. Chase Bank of Tex. Nat'l Assoc.*, 243 F. Supp. 2d 1293 (N.D. Fla. 2002) (hereafter, "*Chase Bank*") is particularly instructive. In *Chase Bank*, the Florida Department of Insurance ("FDOI") filed a delinquency proceeding against Western Star Insurance Company, Ltd. in Florida state court, which appointed the FDOI to be Western Star's receiver. *Id*. at 1294. In its capacity as receiver, FDOI filed an action against Chase Bank attempting to recover the face value of a certificate of deposit. *Id*. at 1295. Chase Bank removed the action to the federal district court pursuant to 28 U.S.C. § 1441. *Id*. The FDOI moved for remand and the district court granted the receiver's motion "on the ground that the claim . . . is but a part of a delinquency proceeding." *Id*. at 1294. The *Chase Bank* ruling bolsters the proposition that when a third-party complaint is filed as part of a larger case that is not itself removable, the third-party complaint is also not removable, even if it is between citizens of different states and thus would have been removable standing alone.

As a practical matter, this conclusion makes sense in the present context. Here, Plaintiff alleges that Defendants' actions created a shortfall for Standard Life, meaning Standard Life will not be able to pay all policyholders and creditors with its remaining assets. The only means of paying claims in the delinquency proceeding would be through a recovery against Defendants. However, these policyholder and creditor claims will be adjudicated in the delinquency proceedings in State Court. Thus, removal would have the effect of segregating the

4

adjudication of liability and the adjudication of damages into different forums , when, in reality, the two cannot be cleanly disassociated.

Admittedly, this is a tough call, but the Court's decision is strongly reinforced by the language of Ind. Code § 27-9-1-3(d) and (f), which make clear that actions like the present one "must be brought in the Marion County circuit court." In this sense, the cases relied upon by Defendants are inapposite because, in those cases, the operative state statute either did not apply or did not specify that a state court had exclusive jurisdiction over cases against third parties brought on behalf of the insurer. *See Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 161 (3d Cir. 2000) (analyzing N.J. Stat. Ann. § 17:30C-3, which although similar to Ind. Code § 27-9-1-3(a), has no language comparable to Ind. Code § 27-9-1-3(d) and (f)); *Florida Dept. of Financial Services v. Midwest Merger Mgmt., Inc.*, No. 4:07-cv-207, 2008 WL 3259045, at *3-4 (N.D. Fla. Aug. 6, 2008) (ruling that Fla. Stat. § 631.021(6) – "the exclusive venue provision" – does not apply under the circumstances, meaning "there is no conflict between the federal removal statute and Florida laws regulating the business of insurance"); *Koken v. Viad Corp.*, 307 F. Supp. 2d 650, 655-57 (E.D. Pa. 2004) (did not consider statutory language, but operative statute, 40 Pa. Stat. § 221.4, does not address claims against third parties); *In re Lewis*, 512 F. Supp. 1146, 1148 (S.D.N.Y. 1981) (did not consider language of N.Y. Ins. Law § 7421, which does not grant state court exclusive jurisdiction over the rehabilitation of an insurer).

The applicable Indiana statute, by contrast, is clear that the Rehabilitator's claims on behalf of Standard Life against a "director, officer, manager, insurance producer, broker, employee, or other person or entity . . . must be brought in the Marion County circuit court." This Court believes the present Complaint clearly falls within the ambit of Ind. Code § 27-9-1-3(d) and (f). Seizing upon the word "brought," Defendants argue that the statute does not forbid

5

removal of the lawsuit, even if, initially, it must be *brought* in State Court. However, this Court is not persuaded by this somewhat semantic argument. Instead, the Court interprets the Indiana statute as meaning that the case must be (a) filed in Marion County circuit court and (b) litigated in Marion County circuit court. In other words, the Court finds that the language in § 27-9-1-3(f) is synonymous with exclusive jurisdiction. Accordingly, this action must be remanded.

**C.     Conclusion**

For the reasons set forth above, Plaintiff's Motion (Dkt. 27) is **GRANTED** and this case is **REMANDED** to the Marion County circuit court. In light of this decision, the outstanding motions in this action are **DENIED** as moot.

SO ORDERED:   05/25/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Jeffrey B. Bailey**
BOSE MCKINNEY & EVANS, LLP
jbbailey@boselaw.com,jsommers@boselaw.com

**Fred R. Biesecker**
ICE MILLER LLP
fred.biesecker@icemiller.com

**Alan S. Brown**
FROST BROWN TODD LLC
abrown@fbtlaw.com,award@fbtlaw.com

**Reid M. Figel**
KELLOG HUBER HANSEN TODD EVANS & FIGEL, PLLC.
rfigel@khhte.com

**Derek T. Ho**
KELLOG HUBER HANSEN TODD EVANS & FIGEL, PLLC
dho@khhte.com,itushe@khhte.com,rfigel@khhte.com

**Jennifer Marie Johnson**
ICE MILLER LLP
jennifer.johnson@icemiller.com,jmjohnson34@gmail.com

**Curtis T. Jones**
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com,lcooper@boselaw.com

**Nathan Lee Lundquist**
BINGHAM MCHALE LLP
nlundquist@binghammchale.com

**Winston E. Miller**
FROST BROWN TODD
wmiller@fbtlaw.com,calster@fbtlaw.com

**John T. Murphy**
ICE MILLER LLP
john.murphy@icemiller.com

**Lawrence W. Newman**
BAKER & McKENZIE, LLP
lawrence.newman@bakermckenzie.com

**James L. Petersen**
ICE MILLER LLP
james.petersen@icemiller.com

**Thomas E. Satrom**
FROST BROWN TODD LLC
tsatrom@fbtlaw.com,tlsmith@fbtlaw.com

**Peter L. Simmons**
FRIED FRANK HARRIS SHRIVER & JACOBSON LLP
peter.simmons@friedfrank.com

**Aaron T. Tucker**
FRIED FRANK HARRIS SHRIVER & JACOBSON LLP
aaron.tucker@friedfrank.com,DocketClerks@friedfrank.com

**Wayne C Turner**
BINGHAM MCHALE LLP
wturner@binghammchale.com,gpsmith@binghammchale.com

**Paul D. Vink**
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com,clindsey@boselaw.com

**Scott A. Weathers**
THE WEATHERS LAW OFFICE
scott@sawlaw.net,emily@sawlaw.net

**Philip A. Whistler**
ICE MILLER LLP
philip.whistler@icemiller.com,marti.westerfield@icemiller.com